# The Davis-Colby Ore Roaster Company, Appellant, *v.* Anne C. Rogers and Robert H. Coleman, her trustee.

*Contract—Pleading—Breach of warranty—Burden of proof.*

In an action of assumpsit plaintiff declared on a specific contract for the payment of $2,000 as license fees for the use of plaintiff's patents in the construction and operation of ore roasters. The defendants averred that the plaintiff's agent had agreed to construct the roasters at a cost, including the license fees for the use of the patents, of not more than $15,000. *Held*, (1) that the defense was in the nature of a set-off for breach of warranty, and the burden of proof of the excess of cost was upon defendants; (2) that the trial court was in error in holding that plaintiff could only recover as if upon an amended statement claiming a balance due out of the $15,000, and in placing the burden of proving such balance on plaintiff.

Argued Feb. 16, 1899. Appeal, No. 50, Jan. T., 1899, by plaintiff, from judgment of C. P. Lebanon Co., Sept. T., 1895, No. 242, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Assumpsit on a contract. Before ENDLICH, J.
The facts appear by the opinion of the Supreme Court.
Verdict and judgment for defendants. Plaintiff appealed.

*Thomas H. Capp* and *Henry N. Paul, Jr.,* for appellant.— Technically, plaintiff's contention is that the defense, being in its nature not a traverse, but a confession and avoidance, it is incumbent upon the defense to prove the whole matter of avoidance: Wilder v. Cowles, 100 Mass. 487; Powers v. Russell, 13 Pickering, 69; Pusey v. Wright, 31 Pa. 387; Selma, Rome, etc., R. R. Co. v. United States, 139 U. S. 560.

When the question of proof is otherwise doubtful the burden is sometimes shifted, and in the interests of justice the burden of proving a fact peculiarly within the cognizance of one of the parties is put upon that party: Evans v. Fegely, 67 Pa. 370; Arnold v. Macungie Savings Bank, 71 Pa. 287.

*Jefferson Snyder*, with him *Grant Weidman, Jr.*, for appellees.

OPINION BY MR. JUSTICE MITCHELL, May 1, 1899:

Plaintiff declared on a specific contract for the payment of $2,000 as license fees for the use of plaintiff's patents in the construction and operation of two ore roasters at the defendant's furnaces at Emaus. The defense was, first, a denial that there was any contract at all, based on denial that the agent with whom it was alleged to have been made had any authority, antecedent or by ratification, to make it. This question was submitted to the jury and there is no complaint of the manner of its submission. It may have been the basis of their verdict for defendants but this we do not know.

But, secondly, the real contest was over the terms of a contract that admittedly was made between the agent, authorized or not, and the plaintiff. This was in substance that the two ore roasters should be erected by defendants, but the cost should not exceed $15,000, the amount that the lessor of defendants had agreed to allow and reimburse to them. The making of this contract by the agent, supposing his authority to be proved, was practically admitted by both parties, and the real controversy was whether the license fees were to be treated as separate, and no part of the cost of the roasters, or were to be included in the stipulated sum of $15,000. This was not strictly the issue presented by the pleadings, but it was the issue raised by the evidence at the trial, and the issue sent to the jury by the learned judge. It is stated thus in his charge, " the defendant on the contrary says that while he admits the purchase and enjoyment of the right to use the patent, his contract with the plaintiff was that the cost to him of these ore roasters, including the right to use the patent on which they were constructed, was $15,000; that the understanding was that plaintiff's compensation for the use of the patent was to come out of this sum."

This defense is clearly in the nature of set-off for breach of warranty, and the burden of proof of the excess of cost was upon defendants. The judge, however, looking at the fact that this was not the issue made by plaintiff's statement, and that a finding by the jury against a specific or separate contract for the license fees as declared upon would in strictness bar a recovery altogether, held that plaintiff could only recover as if upon an amended statement claiming a balance due out of the $15,000, and in such case the burden of proving such balance was on plaintiff. If such had been the statement and the technical issue, no doubt this result would have followed. But it was not the issue as made by the pleadings or the evidence on part of the plaintiff. Plaintiff declared on a separate contract and maintained that claim throughout, his witness Crane testifying to it, and evidence in the shape of a letter of defendant Coleman among other things being offered in support of it. If the jury had found the existence of such contract, the verdict should have been for plaintiff. The jury apparently found against the contract, but the ground of their verdict is not certain. The issue in the other form was raised by the defendants. It was, as already said, a defense in the nature of set-off for breach of warranty, and the burden of proving the breach was on the defendants.

Judgment reversed and venire de novo awarded.